1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15
16
17
18

| | |
|---|---|
| **MALCOM P. COLEMAN,**<br><br>                              Petitioner,<br><br>    **v.**<br><br><br>**S. HATTON, Warden,**<br><br>                              Respondent. | Case No. 1:16-cv-01781 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

19
20
21
22
23
24
25
26
27
28

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2254.

In the petition filed on November 23, 2016, Petitioner challenges a January 10, 1999 conviction in the Superior Court of California, County of Kern for two counts of rape, forceable oral copulation, kidnapping, and various enhancements. Petitioner was sentenced to an indeterminate state prison term of twenty-five (25) years to life.

A review of the Court's dockets and files shows Petitioner has previously sought habeas relief with respect to this conviction. In case number 1:03-cv-05780-DLB (HC), Petitioner challenged the same underlying conviction. On September 13, 2005, the

1  petition was denied on the merits. Petitioner filed a second federal habeas petition on

2  March 23, 2009. See E.D. Cal. Case No. 1:09-cv-00546-AWI-DLB (HC). The petition

3  was dismissed as successive on December 8, 2009.

4  **I.    Discussion**

5         A court must dismiss a second or successive petition that raises the same

6  grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  A court must also dismiss a second

7  or successive petition raising a new ground unless the petitioner can show that 1) the

8  claim rests on a new constitutional right, made retroactive by the United States Supreme

9  Court or 2) the factual basis of the claim was not previously discoverable through due

10 diligence, and these new facts establish by clear and convincing evidence that but for

11 the constitutional error, no reasonable factfinder would have found the applicant guilty of

12 the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court

13 that decides whether a second or successive petition meets these requirements; the

14 Petitioner must first file a motion with the appropriate court of appeals to be authorized to

15 file a second or successive petition with the district court.

16        Section 2244 (b)(3)(A) provides: "Before a second or successive application

17 permitted by this section is filed in the district court, the applicant shall move in the

18 appropriate court of appeals for an order authorizing the district court to consider the

19 application." In other words, Petitioner must obtain leave from the Ninth Circuit before he

20 can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S.

21 651, 656-657 (1996). This Court must dismiss any second or successive petition unless

22 the Court of Appeals has given Petitioner leave to file the petition because a district court

23 lacks subject-matter jurisdiction over a second or successive petition. Greenawalt v.

24 Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

25        Because the current petition was filed after April 24, 1996, the provisions of the

26 Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current

27 petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that

28 he has obtained prior leave from the Ninth Circuit to file his successive petition attacking

1   the conviction. That being so, this Court has no jurisdiction to consider Petitioner's

2   renewed application for relief under Section 2254 and must dismiss the petition. See

3   Greenawalt, 105 F.3d at 1277. If Petitioner desires to proceed in bringing this petition for

4   writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28

5   U.S.C. § 2244(b)(3).

6   **II.    Order and Recommendation**

7          The Court RECOMMENDS that the petition for writ of habeas corpus be

8   DISMISSED as successive.  Further, the Court ORDERS the Clerk of Court to assign a

9   District Court judge to the instant matter.

10         These findings and recommendations are submitted to the United States District

11  Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

12  (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

13  Eastern District of California. Within thirty (30) days after being served with a copy, any

14  party may file written objections with the Court and serve a copy on all parties. Such a

15  document should be captioned "Objections to Magistrate Judge's Findings and

16  Recommendations." Replies to the objections shall be served and filed within fourteen

17  (14) days (plus three days if served by mail) after service of the objections. The Court

18  will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).

19         The parties are advised that failure to file objections within the specified time may

20  waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834,

21  839 (9th Cir. 2014).

22
23  IT IS SO ORDERED.

24    Dated:   __November 28, 2016__         /s/ *Michael J. Seng*

25                                            UNITED STATES MAGISTRATE JUDGE

26

27

28

3